431 So.2d 270 (1983)
James Quincy PRINCE, Sr., et Ux. Appellants,
v.
AMERICAN INDEMNITY COMPANY, Appellee.
No. 82-246.
District Court of Appeal of Florida, Fifth District.
May 12, 1983.
Paul Bernardini of LaRue & Bernardini, P.A., Daytona Beach, for appellants.
H. David Luff of Sanders, McEwan, Mims & McDonald, Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
The Princes appeal from a declaratory judgment which permitted American Indemnity, their insurance carrier, to assert its subrogation rights to a portion of a settlement received by Mrs. Prince. We hold that American Indemnity is not entitled to subrogation or reimbursement and reverse the judgment.
In 1980, Mrs. Prince was injured in a motor vehicle collision. Pursuant to the terms of the Princes' insurance policy, American Indemnity paid Mrs. Prince $1,000 in medical benefits. Mrs. Prince ultimately settled her claim with the tortfeasor and his insurance carrier, State Farm, for $15,000.
In settling the claim, State Farm issued two checks: one check for $14,000 was made payable to the Princes (and their attorney) and one check for $1,000 was made payable to the Princes (and their attorney) and American Indemnity. The Princes' attorney informed American Indemnity that, in his opinion, the company's subrogation rights were extinguished by the collateral source rule (section 627.7372) and therefore it was not entitled to reimbursement for the medical benefits payment. American Indemnity did not agree with this interpretation and refused to endorse the $1,000 check over to the Princes.
The American Indemnity policy provides for subrogation and reimbursement as follows:
5. Our Right to Recover Payment
A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do whatever is necessary to enable us to exercise our rights and shall do nothing after loss to prejudice them.
B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall hold in trust for us the proceeds of the recovery *271 and shall reimburse us to the extent of our payment.
Whether American Indemnity has a right of subrogation depends upon the insured's "right to recover damages from another." Likewise, whether American Indemnity has a right to reimbursement depends upon the nature of the $1,000 payment from State Farm. If Mrs. Prince has a "right to recover damages from another" or if she has in fact recovered damages from another, then American Indemnity is entitled to assert its rights under the policy. Conversely, if Mrs. Prince does not have a right to recover damages, then American Indemnity is not entitled to assert its rights.[1]
The resolution of this issue depends upon the provisions of the Florida Automobile Reparations Reform Act, sections 627.730-627.741, Florida Statutes (1979). Section 627.7372, the collateral source rule, provides in part as follows:
(1) In any action for personal injury or wrongful death arising out of the ownership, operation, use, or maintenance of a motor vehicle, the court shall admit into evidence the total amount of all collateral sources paid to the claimant, and the court shall instruct the jury to deduct from its verdict the value of all benefits received by the claimant from any collateral source.

(2) For purposes of this section, `Collateral sources' means any payments made to the claimant, or on his behalf, by or pursuant to:
* * * * * *
(b) Any health, sickness, or income disability insurance; automobile accident insurance that provides health benefits or income disability coverage; and any other similar insurance benefits except life insurance benefits available to the claimant, whether purchased by him or provided by others. (emphasis added)
It is clear that if Mrs. Prince had filed suit against the tortfeasor and the case had gone to trial, the $1,000 medical benefits payment made by American Indemnity would have been admitted into evidence and the jury instructed to deduct this amount from its verdict. Purdy v. Gulf Breeze Enterprises, 403 So.2d 1325 (Fla. 1981). Due to the operation of the collateral source rule, Mrs. Prince would have been unable to recover for the medical expenses already paid for by American Indemnity. As Mrs. Prince would have had no "right to recover" this amount from the tortfeasor, it follows that American Indemnity would not have been entitled to subrogation. And, had Mrs. Prince received an award, it would have represented recovery for something other than the medical benefits American Indemnity already paid to her, and hence American Indemnity would not have any right to reimbursement.
While we recognize that the collateral source rule, by its very language, pertains to the admission of evidence in a trial setting, we believe that its provisions also affect the nature of the sums paid in settling a claim. Once Mrs. Prince was paid the $1,000 in medical benefits from American Indemnity, she had no right to collect this same sum from the tortfeasor. It follows that the tortfeasor's insurance carrier would not have paid this claim and the $1,000 payment from State Farm must represent something other than recovery for the medical benefits already paid for by American Indemnity. As Mrs. Prince does not have the "right to recover" from another the medical benefits already paid by American Indemnity, nor has American Indemnity established that she actually recovered this amount, American Indemnity is *272 not entitled to assert its rights of subrogation or reimbursement.[2]
REVERSED.
ORFINGER, C.J., and COBB, J., concur.
NOTES
[1] American Indemnity attaches special significance to the fact that State Farm made the check for $1,000 jointly payable to the Princes and American Indemnity. American Indemnity argues that this indicates that the purpose of the check was to reimburse American Indemnity. We attach no significance to it, but rather believe it merely shows that State Farm wanted to insulate itself from any dispute which might arise between American Indemnity and the Princes.
[2] We must admit to difficulty in understanding the economic or social purpose of the collateral source rule. In circumstances such as these, the tortfeasor's insurance carrier escapes liability and the injured party's carrier pays. Even more incomprehensible would be the case where the health or medical policy had no connection whatever with the automobile coverage.