452 So.2d 1114 (1984)
Kay MOLYETT and Steven Ellis, Appellants,
v.
SOCIETY NATIONAL LIFE INSURANCE COMPANY, Appellee.
No. 84-188.
District Court of Appeal of Florida, Second District.
July 13, 1984.
Albert B. Lewis of Piper, Esteva, Karvonen & Lewis, St. Petersburg, for appellants.
Margaret N. Walker, St. Petersburg, for appellee.
CAMPBELL, Judge.
Appellants, Kay Molyett and Steven Ellis, seek review of the final judgment in favor of appellee, Society National Life Insurance Company, on a subrogation assignment claim. We reverse.
Two issues are raised by this appeal. First, did the trial court err in determining that appellee was entitled to reimbursement *1115 from Steven Ellis? Second, did the trial court err in failing to award attorney's fees to Kay Molyett and Steven Ellis?
On June 22, 1980, Steven Ellis, then nineteen years of age, was injured when the motorcycle he was operating was struck by an automobile owned by Jeffrey Russell and insured by Auto Owners Insurance Company. At the time of the accident, Steven Ellis's mother, Kay Molyett, was insured under a group major medical policy which provided coverage for Steven Ellis. Appellee paid $7,338.95 towards the $8,169.50 in medical bills incurred by Steven Ellis.
Appellee's policy contained a subrogation clause. Also, after appellee had provided benefits, Kay Molyett, as mother of Steven Ellis, signed a "subrogation assignment" form transferring to appellee claims arising from the accident to the extent of monies paid by appellee.
On October 22, 1980, Steven Ellis settled his claim against Jeffrey Russell and Auto Owners Insurance Company for $10,726.96, and executed a release. On February 25, 1982, appellee filed suit against Kay Molyett and Steven Ellis to recover the $7,338.95 which appellee previously paid for the benefit of Kay Molyett and Steven Ellis as a result of the accident on June 22, 1980. The trial court held that appellee was entitled to seek equitable distribution from Steven Ellis for the benefits paid by appellee. Final judgment was entered in favor of appellee for $1,500 with costs of $48. No costs nor attorney's fees were awarded to Kay Molyett.
Appellants argue that Steven Ellis was precluded from recovering from the tort-feasor and the tort-feasor's insurer under section 627.7372, Florida Statutes (1981). Appellants maintain that because Steven Ellis had no right to recover for those damages paid by appellee, appellee had no right of subrogation under the policy, nor any right to require Steven Ellis to assign any portion of his settlement to appellee. We agree.
Prior to 1977, insureds were entitled to recover the full amount of their damages from tort-feasors regardless of the benefits they had received from collateral sources, such as insurance payments. Insurers held subrogation rights for reimbursement of payments made to an insured where the insured subsequently recovered those damages from the tortfeasor. However, insurers' subrogation rights were eliminated by section 627.7372, Florida Statutes (1977). See also Purdy v. Gulf Breeze Enterprises, Inc., 403 So.2d 1325 (Fla. 1981) (upholding the constitutionality of sections 627.736 and 627.7372, Florida Statutes (1981)), and Evans v. Kabbes, 407 So.2d 260, 261 (Fla. 2d DCA 1981).
Section 627.7372, which came into effect in 1977, requires the trial court to admit into evidence any collateral source payment made to the plaintiff prior to trial. The jury is then instructed to deduct from the verdict the amounts paid or payable to a claimant through a collateral source. Accordingly, an insurer no longer has a right to subrogation because the plaintiff or claimant is not entitled to receive payments for losses already covered by a collateral source.
Appellee's policy provides for subrogation when the insured is entitled to recover from the tort-feasor. Thus, the issue becomes whether Steven Ellis had a legal right to recover from the tort-feasor and his insurer under section 627.7372. If not, appellee has no right of recovery under the subrogation clause.
Precisely the same issue was presented in Prince v. American Indemnity Company, 431 So.2d 270 (Fla. 5th DCA 1983). In Prince, American Indemnity Company paid $1,000 in medical benefits to Mrs. Prince following an automobile accident injury. Mrs. Prince then settled her claim with the tort-feasor and his liability carrier, and American Indemnity sought subrogation rights to a portion of the settlement received from the tort-feasor and his liability carrier. The court held that American Indemnity was not entitled to any portion of the settlement proceeds because American Indemnity's right to subrogation was dependent *1116 upon the insured's right to recover damages from the tort-feasor. The collateral source statute precluded Mrs. Prince from recovering for those same damages from the tort-feasor; therefore, the tort-feasor's insurance would not have paid the claim and that payment had to represent something other than the benefits already paid by American Indemnity. Thus, American Indemnity was not entitled to assert its right of subrogation or reimbursement. Likewise, Steven Ellis was not entitled to recover from the tort-feasor those damages previously paid by appellee and, accordingly, appellee was not entitled to reimbursement for the monies already paid on behalf of Steven Ellis and Kay Molyett.
For purposes of attorney's fees under section 57.105, Florida Statutes (1981), we cannot say that this lawsuit was frivolous, even though the legal issue presented had been clearly resolved by Prince and Purdy by the time this case came to trial. Section 627.7372 requires the admission of collateral source evidence at trial. Until Prince, in 1983, it was not clear that this rule also applied in a situation where the parties settled out of court. This lawsuit was filed in 1982, before Prince was decided. Therefore, appellants are not entitled to attorney's fees under section 57.105.
Appellants also contend that they are entitled to attorney's fees pursuant to section 627.428(1), Florida Statutes (1981). That section provides that in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall award a reasonable sum as attorney's fees for the attorney prosecuting the suit on behalf of the insured. On appeal, we are reversing the trial court and ruling in favor of the insureds, the appellants. Therefore, we find that under section 627.428(1), appellants were entitled to attorney's fees at the trial court level. We also grant appellants' motion for attorney's fees on appeal. We remand to the trial court for determination of the proper amount to be assessed for the attorney's fees incurred at the trial court level and during the prosecution of this appeal.
For the reasons stated above, we reverse the decision of the trial court and remand for assessment of attorney's fees.
OTT, A.C.J., and SCHOONOVER, J., concur.