OTT, Judge.
Petitioners, the defendants in the trial court, ask this court to review an order of the circuit court sitting in its appellate capacity. The circuit court affirmed the trial court’s determination that respondent, petitioners’ insurer, was entitled to reimbursement of medical benefits paid. Based on section 627.7372, Florida Statutes (1981), Molyett v. Society National Life Insurance Co., 452 So.2d 1114 (Fla. 2d DCA 1984), and Prince v. American Indemnity Co., 431 So.2d 270 (Fla. 5th DCA 1983), we quash the circuit court’s order as a departure from the essential requirements of the law and remand to the trial court for entry of final judgment in petitioners’ favor.
Minors Jeffrey Zielinski and Jeffrey Nurge were riding on a motorcycle owned by Mr. Zielinski and insured by respondent when the motorcycle was struck by a motor vehicle driven by John D. Kimble, Jr. The boys suffered personal injuries and incurred medical expenses. Respondent paid $2,000 in medical benefits to petitioners. Petitioners subsequently settled their personal injury claims with Mr. Kimble and his insurer. In this action, respondent sought reimbursement of the medical benefit payments pursuant to the subrogation clause in its insurance contract.
The legal issue raised by the parties is whether respondent is entitled to reimbursement of the medical benefits paid to its insureds. Our recent holding in Molyett controls disposition of the instant controversy. Therein, on facts indistinguishable from those in the case at bar, we determined that the insurer was not entitled to assert its right of subrogation or reimbursement for the monies already paid to the insureds. See also Prince v. American Indemnity Co., supra.
The circuit court’s decision affirming the trial court’s grant of summary judgment in respondent’s favor is QUASHED. The case is REMANDED to the trial court for entry of a final judgment in petitioners’ favor.
RYDER, C.J., and DANAHY, J., concur.