472 So.2d 1373 (1985)
BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., Appellant.
v.
RYDER TRUCK RENTAL, INC., a Florida Corporation d/b/a Ryder Truck Rentals, S & M Cypress Co., Inc., a Florida Corporation and Stanley Earl Eib, Appellees.
No. 84-2053.
District Court of Appeal of Florida, Third District.
July 30, 1985.
*1374 Adkins & Hardy and H. Lawrence Hardy, Coral Gables, for appellant.
Spence, Payne, Masington, Grossman & Needle and Andrew Needle, Miami, for appellees.
Before HUBBART, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Blue Cross and Blue Shield of Florida [Blue Cross] appeals an order dismissing its complaint for indemnification against Ryder Truck Rental, Inc. [Ryder]. Finding that the asserted cause of action for indemnity does not exist, we affirm.
The events leading to this appeal began when a vehicle owned by Ryder collided with an automobile occupied by Ada Montesino, a Blue Cross insured. As a result of the accident, Montesino suffered personal injuries which required medical treatment, including hospitalization, physician care, and other medical services and supplies. Montesino recovered payment for her medical expenses from Blue Cross pursuant to a group health insurance contract between Blue Cross and Montesino's employer. Blue Cross subsequently filed this lawsuit against Ryder, alleging that it is entitled to indemnification for the medical benefits it was obligated to pay Montesino under its contract with her employer for the injuries Montesino sustained as a result of an automobile accident caused by the negligence of Ryder. The trial court dismissed Blue Cross's complaint with prejudice, finding "that because the insured is barred from recovery under the provisions of the Motor Vehicle No-Fault Law, the insurer is similarly barred from any subrogation or indemnification rights by reason thereof. Ergo, there exists no cause of action for indemnity."
Although we agree with the trial court that dismissal of this action is warranted, we affirm the dismissal upon grounds other than those advanced by the court below. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979); Petrulli v. Approved Dry Wall Construction, Inc., 284 So.2d 27 (Fla. 3d DCA 1973), cert. denied, 292 So.2d 18 (Fla. 1974). The trial court correctly noted that the "collateral source rule," section 627.7372 of the Motor Vehicle and Casualty Insurance Contracts Chapter, Florida Statutes (1983), precludes an insurer such as Blue Cross from instituting a claim for subrogation against the tortfeasor for sums paid by the insurer to the insured. Prince v. American Indemnity Co., 431 So.2d 270 (Fla. 5th DCA 1983). It is the nature of the right of *1375 subrogation that causes the collateral source rule to operate in this manner. Subrogation allows a party required to pay a legal obligation owed by another to step into the shoes of the injured party and assert the latter's original claim against the wrongdoer. Underwriters at Lloyd's v. City of Lauderdale, 382 So.2d 702 (Fla. 1980); Allstate Insurance Co. v. Metropolitan Dade County, 436 So.2d 976 (Fla. 3d DCA 1983), review denied, 447 So.2d 885 (Fla. 1984). A party's right of subrogation is limited by any impediment in the injured party's claim. Holyoke Mutual Insurance Co. v. Concrete Equipment, Inc., 394 So.2d 193 (Fla. 3d DCA), review denied, 402 So.2d 609 (Fla. 1981); Jones v. Bradley, 366 So.2d 1266 (Fla. 4th DCA 1979). Thus, an insurer who has paid benefits to an injured party has no right of subrogation against the wrongdoer where the injured party is precluded from recovering these sums from the wrongdoer by the collateral source rule.
However, because of the clear distinction between the right of subrogation and the right of indemnity at issue here, we are unable to conclude that the collateral source rule operates equally as a bar to the insurer's claims for both subrogation and indemnity. Rather, based upon the nature of the right of indemnity, we find that Blue Cross possesses no claim for indemnity against Ryder, not because of the collateral source rule, but because the common law of Florida does not now and has not in the past permitted such a cause of action.
In its recent pronouncements, the Florida Supreme Court has defined indemnity as a right which inures to "one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable." Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, 492 (Fla. 1979). Absent the existence of a "special relationship" between the parties rendering the party seeking indemnity vicariously, constructively, or technically liable for the wrongful acts of the party against whom indemnity is sought, there can be no cause of action for indemnity. Houdaille; Allstate; see Stuart v. Hertz Corp., 351 So.2d 703 (Fla. 1977); Mims Crane Service, Inc. v. Insley Manufacturing Corp., 226 So.2d 836 (Fla. 2d DCA); cert. denied, 234 So.2d 122 (Fla. 1969); see generally Wetherington, Tort Indemnity in Florida, 8 Fla.St. U.L.Rev. 383 (1980); Chesrow, Howard, and Howard, Fault and Equity: Implied Indemnity After Houdaille, 34 U.Miami L.Rev. 727 (1980).
In this case, Blue Cross has failed to allege and could not possibly establish that its obligation to Montesino was based upon some vicarious, derivative, constructive, or technical liability stemming from a "special relationship" with Ryder. Rather, Blue Cross was liable for the payment of Montesino's medical expenses pursuant to the terms of a group health insurance policy with Montesino's employer covering Montesino for injuries resulting from, among other things, an automobile accident. Its liability was direct and contractual, not indirect and derivative, based upon some pre-tort duty between itself and Ryder. See Wetherington, supra. Ryder is connected to Blue Cross only through the mere happenstance of the automobile accident which led to Blue Cross's liability for Montesino's medical expenses under its insurance contract. Blue Cross had no greater relationship with Ryder than with any other member of the general public who might have had the misfortune of causing a car accident.
Blue Cross contends that its entitlement to indemnity springs from the fact that it is totally without fault for Montesino's injuries and that its liability to Montesino arises wholly from the fault or negligence of Ryder. Houdaille. Although it may be true that Ryder is solely responsible for causing Montesino's injuries, Ryder's fault alone does not give rise to Blue Cross's claim for indemnity. Blue Cross and Ryder were simply not connected through any of the kinds of pre-existing legal relationships *1376 traditionally required to establish a claim for indemnity. See, e.g., Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980) (vicariously liable property owner/general contractor entitled to indemnity for damages from wrongful death caused solely by negligent subcontractor's breach of non-delegable duty); American Home Assurance Co. v. City of Opa Locka, 368 So.2d 416 (Fla. 3d DCA 1979) (vicariously liable employer had right of indemnification for wrongful death judgment and expenses from tortfeasor employee and his insurance carrier); Pender v. Skillcraft Industries, Inc., 358 So.2d 45 (Fla. 4th DCA 1978)(retailer strictly liable, but without actual fault, for wrongful death caused by defective product entitled to indemnity from manufacturer responsible for defective product); Olin's Rent-A-Car System, Inc. v. Royal Continental Hotels, Inc., 187 So.2d 349 (Fla. 4th DCA), cert. denied, 194 So.2d 621 (Fla. 1966)(vicariously liable hotel entitled to indemnity from licensee/auto rental company for damages paid to invitee injured as a result of the negligence of the auto rental company doing business at the hotel); Westinghouse Electric Corp. v. J.C. Penney Co., 166 So.2d 211 (Fla. 1st DCA 1964)(store owner entitled to indemnity against elevator maintenance company for damages paid to injured shopper and caused by the elevator company's breach of agreement to keep escalator properly maintained); Fincher Motor Sales, Inc. v. Larkin, 156 So.2d 672 (Fla. 3d DCA 1963) (owner of car vicariously liable for injury caused by negligence of driver had claim for indemnity against driver).
We hold, therefore, that in the absence of a crucial link between Blue Cross and Ryder which would have given rise to Blue Cross's vicarious or technical liability for Ryder's wrongdoing, Blue Cross has no common law right of indemnity against Ryder, regardless of Ryder's fault.
We reject as without merit Blue Cross's contention that the collateral source rule, section 627.7372, is unconstitutionally applied here because it precludes Blue Cross from seeking indemnification from a tortfeasor in violation of an insurer's right of access to courts as guaranteed by Article I, section 21 of the Florida Constitution. In Kluger v. White, 281 So.2d 1 (Fla. 1973), the supreme court held that a complete legislative abolition of a prior statutory or common law right of action violates the Florida constitutional right of redress provision, absent either "a reasonable alternative to protect the rights of the people of the state to redress for injuries" or a legislative showing of "an overpowering public necessity for the abolishment of such right." Kluger at 4. However, the Florida Constitution does not require a substitute remedy to be supplied by statute where the legislature has not totally abolished a previously recognized cause of action. Jetton v. Jacksonville Electric Authority, 399 So.2d 396 (Fla. 1st DCA), review denied, 411 So.2d 383 (Fla. 1981). A violation of the Florida constitutional right of access is not triggered in this case because, as we have noted, the collateral source rule does not abrogate a health insurer's right to indemnification against an unrelated tortfeasor. The common law does not now and never has recognized a right of indemnification by an insurer against a tortfeasor who bears no special relationship with the insurer. See Houdaille; Allstate; Stuart; Mims Crane Service. Thus, it would be pointless to entertain the notion of a constitutional denial of access where the asserted claim simply does not exist.
Affirmed.