569 So.2d 1293 (1990)
CONNECTICUT GENERAL LIFE INSURANCE, Appellant,
v.
Willie E. DYESS, et al., Appellees.
No. 89-2103.
District Court of Appeal of Florida, Fifth District.
October 11, 1990.
Rehearing Denied November 29, 1990.
*1294 Floyd L. Matthews, Jr., and Robert B. Guild, Jacksonville, for appellant.
Carol A. Falvey of Cone, Green & Kaster, P.A., Ocala, for appellees, Willie E. Dyess, Margaret T. Dyess, Brenda Dyess and Tracey Dyess.
Peter P. Murnaghan and E. Jeanne Maguire of Stagg, Hardy & Yerrid, P.A., Tampa, for appellee, Golden Rule Ins. Co.
HARRIS, Judge.
Connecticut General Insurance Company appeals a summary judgment which determined that Margaret Dyess and her son Tracey are entitled to benefits under a group medical insurance policy issued by Connecticut General. Tracey was severely injured in 1986 in an automobile accident allegedly caused by a defective tire manufactured by Uniroyal Tire Company. The Dyesses later settled with Uniroyal for $2,000,000. As a condition of settlement, the Dyesses executed a release which covered "any and all claims ... for ... hospital and medical expenses ... arising ... out of the accident... ."
After settling with Uniroyal, the Dyesses filed a claim with Connecticut General to recover medical benefits under a group medical insurance policy issued to Martin Marietta, Margaret's employer. Connecticut General claimed that since the Uniroyal release provided that the Dyesses had received full payment for medical expenses, no benefits were available pursuant to a "conditioned claim payment" provision in its policy which purports to deny a double recovery to a claimant. The Dyesses then filed this action for breach of contract. The trial court concluded that the Dyesses were entitled to receive benefits under the insurance policy because the language of the conditioned claim payment provision is ambiguous.
Without deciding whether the contract is ambiguous, we nevertheless find that the trial court erred and reverse.
The trial court, relying on Molyett v. Society National Life Insurance Co., 452 So.2d 1114 (Fla. 2d DCA 1984) and Prince v. American Indemnity Co., 431 So.2d 270 (Fla. 5th DCA 1983), held that an injured party is "not entitled to recover medical expenses already paid by a collateral source from the tortfeasor." While this is a correct statement of the law, the trial court has misapplied it in this case. First, the issue at the hearing on summary judgment should not have been whether appellees were entitled to recover medical and hospital expenses from Uniroyal, but whether they did, in fact, receive them. Second, the court overlooked the reason for denying recovery of these prepaid collateral source expenses to the injured party. Once the injured party receives these expenses *1295 from his health care provider, his rights to these expenses from the tortfeasor are subrogated to the health care provider. Blue Cross and Blue Shield of Florida v. Matthews, 498 So.2d 421 (Fla. 1986).
In the case at bar, appellees elected not to file a claim against their health care provider (thus no subrogation) but to collect these expenses from the tortfeasor.[1] They then released any claim to such expenses from the tortfeasor in their settlement. After releasing their claim against the tortfeasor (thus preventing subrogation),[2] appellees sought to recover double damages by filing a claim against their health care provider.
Not only are appellees estopped to file such claim (having waived their right to insurance by electing to collect such damages "in full" from Uniroyal), but even if they were permitted to collect such damages from appellant, the damages previously received from Uniroyal would be "held in trust" for appellant. See 16 G. Couch, Cyclopedia of Insurance Law, § 61:29 (2d ed. 1983).
While this action is controlled by Section 627.7372, Florida Statutes (1985), the statute as amended effective July 1, 1986[3] would require the same result. Section 768.76(1) would permit the injured party to receive the damages from the tortfeasor and Section 768.76(4) would permit reimbursement to the paying health care provider from the injured party.
REVERSED for further action consistent with this opinion.
W. SHARP, J., and DANIEL, Judge, Retired, concur.
NOTES
[1] There is nothing in the law which prevents injured persons from waiving their rights to receive insurance benefits and suing the tortfeasor for the full amount of their damages. Purdy v. Gulf Breeze Enterprises, Inc., 403 So.2d 1325 (Fla. 1981).
[2] See 16 G. Couch, Cyclopedia of Insurance Law, § 61.203 2d ed. (1983); see also National Surety Corporation v. Bimonte, 143 So.2d 709 (Fla. 3d DCA 1962).
[3] § 768.76, Fla. Stat. (1986 Supp.).