582 So.2d 1203 (1991)
Edgar E. ODOM, Jr., William C. Millican and Irene Millican, His Wife, Appellants,
v.
CANAL INSURANCE COMPANY, Appellee.
No. 90-2515.
District Court of Appeal of Florida, First District.
June 19, 1991.
Rehearing Denied July 26, 1991.
Charles J. Kahn, Jr., Stephen H. Echsner and Lefferts L. Mabie, Jr. of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellants.
Donald H. Partington of Clark, Partington, Hart, Larry, Bond, Stackhouse & Stone, Pensacola, and R. William Roland of Karl, McConnaughhay, Roland and Maida, Tallahassee, for appellee.
ALLEN, Judge.
Edgar E. Odom, Jr. and William and Irene Millican, the plaintiffs below, appeal a final summary judgment entered in favor of Canal Insurance Company, the defendant below. Because we find that issues of fact preclude the entry of summary judgment in Canal's favor, we reverse.
*1204 On July 19, 1983, William Millican was seriously injured when he was struck by a taxi operated by an agent of Edgar Odom, doing business as City Cab Company. Thereafter, Millican and his wife sued Odom, alleging that Millican's injuries were caused by the negligence of the taxi driver. Canal, Odom's liability insurer, investigated the claim and prepared to defend the suit. The Millicans offered to settle their claim against Odom for the policy limits of $10,000, but no settlement was reached because Canal's regional claims supervisor insisted upon including the United States as a co-payee on the settlement check. According to the supervisor, because the United States had furnished medical care to Millican, an officer of the United States Navy, the United States had a lien for the costs of the medical care it furnished pursuant to The Medical Care Recovery Act, 42 U.S.C.A. §§ 2651-2653 (1973). Canal agreed to settle with the Millicans if the United States was made a co-payee on the settlement check or if they would agree to hold Canal harmless against any future claim which might be asserted by the United States for the costs of Millican's medical care. When negotiations failed, the case proceeded to a jury trial which resulted in a judgment in favor of the Millicans against Odom in the amount of $366,000, plus interest and costs. Sometime after the trial, Odom learned for the first time that the Millicans had offered to settle the case and that Canal had made a counteroffer.[1]
Odom and the Millicans, his judgment creditors, then brought the instant bad faith claim against Canal. They alleged, inter alia, that Canal acted in bad faith when it (a) imposed an unreasonable condition upon its counteroffer, and (b) failed to advise Odom of settlement offers and negotiations and the possibility that an excess judgment might be entered against him. The parties filed cross-motions for summary judgment directed to the reasonableness of Canal's decision to condition its settlement offer upon the inclusion of the United States as a co-payee on the settlement check. The court concluded that Canal was entitled to so condition its settlement offer and granted its motion for summary judgment. This appeal followed.
The parties urge this court to determine whether the government could have made a claim against Canal for the costs of Millican's care back in 1983, when Canal made its conditional offer of settlement. The Medical Care Recovery Act provides that in any case in which the United States is authorized or required to furnish medical care to a person injured "under circumstances creating a tort liability upon some third person" to pay damages therefor, the United States shall have a right to recover from the tort-feasor the reasonable value of the care furnished, and shall be subrogated to any claim that the injured person has against the tort-feasor to the extent of the reasonable value of the care furnished. 42 U.S.C.A. § 2651(a). Although the Act confers an independent right of action on the government, one must look to state law to determine whether there are "circumstances creating a tort liability upon some third person." Heusle v. National Mut. Ins. Co., 628 F.2d 833, 837 (3d Cir.1980), cited with approval in, United States v. Travelers Indem. Co., 729 F.2d 735, 737 (11th Cir.1984).
The appellants argue that in 1983, Odom was not liable to Millican for the cost of his medical care by operation of section 627.7372, Florida Statutes (1983), so the United States acquired no corresponding right to recover its costs for Millican's care. Section 627.7372 provides that in actions for personal injury arising out of the operation of a motor vehicle, the court shall admit into evidence the total amount of all collateral sources paid to the claimant, and shall instruct the jury to deduct from its verdict the value of all benefits received by the claimant from any collateral source. The appellants reference Prince v. American Indem. Co., 431 So.2d 270 (Fla. 5th DCA 1983), decided on May 12, 1983, as evidence that at the time of Canal's conditional offer, section 627.7372 was being interpreted to mean that providers of collateral source benefits to persons injured in automobile *1205 accidents had no claim for recovery of the amounts paid or the benefits provided. See Molyett v. Society Nat'l Life Ins. Co., 452 So.2d 1114 (Fla. 2d DCA 1984) and Blue Cross & Blue Shield of Florida, Inc. v. Ryder Truck Rental, Inc., 472 So.2d 1373 (Fla. 3d DCA 1985), rev'd 498 So.2d 423 (Fla. 1986), for similar interpretations of the statute. By 1986, the supreme court had rejected the district courts' interpretation of section 672.7372, concluding in Blue Cross & Blue Shield of Florida, Inc. v. Matthews, 498 So.2d 421 (Fla. 1986), that the statute does not bar a cause of action by either the plaintiff insured or his insurer, it simply limits the plaintiff's recovery to monies to which he is equitably entitled.
We need not determine, as a matter of law, whether a reasonable insurance adjustor investigating a claim in 1983 would have known of the holding in Prince, whether he might reasonably have relied upon the law as it existed prior to the 1977 enactment of section 627.7372, or whether he might have foreseen the supreme court's interpretation of the statute in Matthews.[2] This is so because in our view, even if it were clear that the United States had a right of recovery in 1983, a jury might still find that Canal acted in bad faith when it failed to notify its insured of the Millicans' offer and its own counteroffer.
For this same reason, we conclude that even if the trial court had correctly decided the issue involving the reasonableness of Canal's conditional offer, a determination we decline to make, the court erred when it determined that the case was fully adjudicated upon a resolution of that issue. The appellants' allegations that Canal breached its duty to advise its insured of settlement negotiations and the very real possibility that an excess judgment would be forthcoming if the case proceeded to trial were not disposed of by the court's order. Canal has not referenced any authority for its argument that because it offered the policy limits to the Millicans with a "reasonable condition" attached, it cannot be guilty of bad faith for failing to advise its insured of the offer.
In Boston Old Colony Ins. Co. v. Gutierrez, 386 So.2d 783, 785 (Fla. 1980), cert. denied 450 U.S. 922, 101 S.Ct. 1372, 67 L.Ed.2d 350 (1981), the court noted that when an insured surrenders to his insurer all control over the handling of a claim, then the insurer assumes a duty to make litigation and settlement decisions in good faith and with due regard for the insured's interests. The insurer's duty to exercise good faith specifically obligates it "to advise the insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid same." Gutierrez, 386 So.2d at 785, citing, Ging v. American Liberty Ins. Co., 423 F.2d 115 (5th Cir.1970). Thus, even if the law concerning the reasonableness of Canal's conditional offer in 1983 were absolutely certain, a jury might still find that Canal breached its duty to act in the good faith manner described in Gutierrez, 386 So.2d at 785.
Finally, we conclude that the trial court should have permitted the appellants to amend their complaint to clarify their allegations concerning Canal's failure to communicate settlement offers to Odom. Rule 1.190(a), Florida Rules of Civil Procedure, states that leave to amend shall be given freely when justice so requires. A liberal construction of the rule is particularly appropriate in cases like this one where the proposed amendment would not change the basic issue in the case or materially vary the originally asserted grounds for relief. Knipp v. Weinbaum, 351 So.2d 1081, 1086 (Fla. 3d DCA 1977), cert. denied *1206 357 So.2d 188 (Fla. 1978); Turner v. Trade-Mor, Inc., 252 So.2d 383, 384 (Fla. 4th DCA 1971).
Accordingly, we reverse the court's entry of final judgment in favor of Canal and its denial of the appellants' motion to amend, and we remand for further proceedings consistent with this opinion. Odom's motion for attorney's fees on appeal, filed pursuant to section 627.428, Florida Statutes, is conditionally granted. Any award of attorney's fees on appeal is expressly conditioned upon Odom's ultimate success in the lower court. See Dixie Farms, Inc. v. Hertz Corp., 343 So.2d 633, 636 (Fla. 3d DCA 1977).
NIMMONS and BARFIELD, JJ., concur.
NOTES
[1] We state the facts in the light most favorable to the plaintiffs.
[2] Indeed, we believe that such a determination would be impossible in this case, for it may be that Canal's view of the existing law did not amount to a breach of its duty to act fairly and honestly toward its insured, with due regard for his interests. Cf., Cotton States Mut. Ins. Co. v. Trevethan, 390 So.2d 724, 727 (Fla. 5th DCA 1980), rev. denied 392 So.2d 1373 (Fla. 1980) (when an insurer relies on the advice of its attorneys to determine its ultimate exposure, that is but one of the factors for the jury to consider in determining whether the insurer acted in bad faith).