FARMER, Judge.
We affirm on all issues but write to explain our reasoning on only one. In this suit by the insured against their health insurance carrier for unpaid medical expenses arising from their minor daughter’s care and treatment, the carrier argues that no benefits are payable. It contends that the insured previously sued the tortfeasor and obtained a settlement compensating them for their minor child’s medical expenses attributable to the tortfeasor’s conduct. It argues that the release given by the insured to the tortfeasor barred any subrogation claim by the carrier against the tortfeasor to recover benefits paid under the policy. In fact, the release actually stated: “It is agreed between the parties that this Release does not include first party insurance claims, specifically any claim against Union Bankers Insurance Company.” [e.o.]
The carrier places primary reliance on Connecticut General Life Ins. Co. v. Dyess, 569 So.2d 1293 (Fla. 5th DCA 1990), rev. denied, 581 So.2d 1307 (Fla.1991), but there are important differences between that case and this one. First, there the plaintiffs received payment in full for their medical expenses from the tortfeasor; here there is no such finding. Second, there the release extinguished the medical expense claims; here the release expressly does not include the insured’s claim against their own health insurance carrier. Third, there the policy contained a “conditioned claim payment” provision designed to prevent the carrier from having to pay medical expenses recovered by the insured from a tortfeasor; here the policy has no such provision.[1] We simply find Dyess inapposite.
We also note that this carrier’s policy does not even contain a subrogation provision. Hence the carrier can hardly be heard to argue that it should not be penalized by the absence of such a routine provision. As this is a mine-run breach of contract action, the rights and liabilities of the parties to the contract should be determined by the contract language itself, and not by missing text that the drafter of the contract did not think to include.
We also do not think ourselves called upon to determine whether there is an equitable right to subrogation for health insurance carriers who have neglected to insert such provisions in their policies. We leave that to the judge in any action in subrogation brought by this carrier against the tortfea-sor. It is sufficient for this case that we decide merely that the express exclusion in the release for this claim left open the possibility of bringing such a claim if it were otherwise available.
Thus we affirm the trial judge’s conclusion that there was no legal impediment to this insured’s claim against this health insurance *1209 carrier for the medical expenses arising from their daughter’s care and treatment for the condition in suit.
AFFIRMED.
DELL, C.J., and STONE, J., concur.

. This policy should be contrasted with the policy in Union Central Life Ins. Co. v. Carlisle, 593 So.2d 505 (Fla.1992), which contained a specific provision ("right of refund”) requiring the insured to reimburse the carrier for any medical expenses recovered from a tortfeasor. 593 So.2d at 506.