QUINCE, Judge.
Melvyn F. Rutherford (Rutherford), personal representative of the Estate of Eleanor R. Smith (Mrs. Smith), appeals the trial court’s order denying his petition to determine homestead rights and awarding damages on Don M. Gascon’s (Gascon), counterclaim. We reverse because there was no evidence to demonstrate that Mrs. Smith knowingly relinquished her homestead rights. We also reverse in part the damages awarded on Gascon’s counterclaim.
The property which is the subject of this appeal is a condominium located at 5200 Brittany Drive, St. Petersburg, Florida, owned by Mrs. Smith’s husband, Robert K. Smith, at the time of his death. The couple resided at the condominium after their marriage in April 1984. Shortly after the marriage, Robert Smith executed a will which provided in pertinent part as follows:
Second — Special Provision. I give to my wife, ELEANOR T. RUTHERFORD SMITH, the right to live in my condo apartment at 5200 Brittany Drive S., Apt. 1708, St. Petersburg, Florida for so long as she desires to live there. In the event she should not reside there, or at the time of her death, I give and devise the said property to DON M. GASCON.
Don M. Gascon is the nephew of Robert K. Smith and also co-personal representative of his estate.
During the administration of Mr. Smith’s estate, a dispute arose between Mrs. Smith and Gascon concerning Mrs. Smith’s rights to probate assets under her deceased husband’s will. The parties subsequently entered into a settlement agreement. Pursuant to this agreement Mrs. Smith signed a document purporting to waive her elective share in the probate estate and purporting to accept a life estate in the subject property.
Following Mrs. Smith’s death, Rutherford filed a petition to have the condominium declared homestead property. The trial court denied the petition and held that Rutherford was estopped from claiming any interest in the subject property because Mrs. Smith effectively waived her homestead rights by entering into the settlement agreement with Gascon wherein she agreed to hold only a life estate.
We vacate the trial court’s denial because the settlement agreement does not evince an intent by Mrs. Smith to waive her homestead rights nor does it demonstrate she knowingly relinquished her homestead *331 interest in the condominium. The evidence instead indicates that Mrs. Smith was unaware that a fee simple interest in the homestead vested in her immediately upon her husband’s death. Art. X, § 4(c), Fla. Const.; § 732.4015, Fla.Stat. (1993); In re Estate of Finch, 401 So.2d 1308 (Fla.1981) (homestead may not be devised by will to pass less than a fee simple interest where testator dies leaving a surviving spouse). There is no evidence in the record to demonstrate that Mrs. Smith intended to relinquish her homestead rights or that she was even aware that the provisions of her husband’s will could not operate to reduce her fee simple interest to a life estate.
While Gascon strenuously asserts that equitable principles of estoppel and waiver should be applied to bar Rutherford’s claim on the homestead, it is well settled that equitable principles cannot operate to nullify a homestead interest. See Public Health Trust of Dade County v. Lopez, 531 So.2d 946 (Fla.1988) (homestead protection has never been based upon principles of equity). To allow Gascon to rely on the settlement agreement in order to reduce Mrs. Smith’s interest would offend the purpose of article X, section 4(c), which is to protect those legally dependent on the decedent due to a family relationship. See In re Estate of Deem v. Shinn, 297 So.2d 611 (Fla. 4th DCA 1974).
In order to find that a survivor spouse has waived/relinquished homestead protection, evidence must demonstrate the survivor’s intent to waive the constitutional and statutory claim to homestead property. In re Estate of Cleeves, 509 So.2d 1256 (Fla. 2d DCA), rev. denied, 518 So.2d 1273 (1987), and rev. denied, Cleeves v. Jewett, 518 So.2d 1274 (1987). The fact that Mrs. Smith treated the condominium as a probate asset by including it in the settlement agreement does not evince her intent to relinquish her homestead rights. As Rutherford aptly argues, “there can be no waiver without knowledge of that being waived.”
Our courts have specifically held that survivors do not waive homestead protection by unwittingly treating homestead property as part of the probate estate. In re Estate of Cleeves, 509 So.2d at 1259. (personal representative/surviving spouse’s petition to include homestead property as probate asset did not evince her intent to waive/relinquish her right to homestead protection); Monks v. Smith, 609 So.2d 740 (Fla. 1st DCA 1992) (surviving spouse did not waive or relinquish her homestead rights by treating homestead property as part of the probate estate since she did not make an affirmative representation that the property was not homestead).
Therefore, the trial court erred in “presuming” Mrs. Smith recognized the condominium as homestead property. We reverse that portion of the order denying Rutherford’s petition to declare the property a homestead. Because Gascon bore the expense of several improvements to the condominium including $3,265.00 for a new air conditioning system, a $404.00 condominium assessment, and $500.00 in property taxes for four months in 1988, we affirm the part of the order awarding Gascon damages in the amount of $4,169.00 for these items. We vacate all other sums awarded on Gascon’s counterclaim.
Affirmed in part and reversed in part.
PARKER, A.C.J., and LAZZARA, J., concur.