WHATLEY, Judge,
Dissenting.
I respectfully dissent. The garnishment provision in the contract consists of one sentence and it neither mentions the term “waive” nor the head-of-family exemption, and it does not state or imply that the consumer, by signing the contract, is waiving a statutory right to such an exemption. Courts cannot, under the guise of contract construction, insert language into a contact that the drafter did not include. Discover Prop. & Cas. Ins. Co. v. Beach Cars of West Palm, Inc., 929 So.2d 729, 732 (Fla. 4th DCA 2006); see Union Bankers Ins. Co. v. DiPaolo, 627 So.2d 1207, 1208 (Fla. 4th DCA 1993) (“[T]he rights and liabilities of the parties to the contract should be determined by the contract language itself, and not by missing text that the drafter of the contract did not think to include.”).
As this court has recognized, “there can be no waiver without knowledge of that being waived.” Rutherford v. Gascon, 679 So.2d 329, 331 (Fla. 2d DCA 1996); see also Tex. Nat'l Bank v. Sandia Mortg. Corp., 872 F.2d 692, 701 (5th Cir.1989) (holding that a party’s contractual agreement to waive a specific protection the law provides requires specificity, because such a waiver must be an intended relinquishment of a known right); Stanley v. Mueller, 222 Or. 194, 350 P.2d 880, 887 (1960) (“[A] waiver of a legal right results only when there is both full knowledge of all the facts and the existence of the right of election coupled with an intention to relinquish it.”). Here, the contract fails to inform Klepal that he may have a right to claim the head-of-family exemption and furthermore contains no language informing Klepal that he is waiving any right to claim the head-of-family exemption. It is improper for this court, under the guise of contract construction, to insert such language into the contact. Discover Prop. & Cas. Ins. Co., 929 So.2d at 732.
The trial court correctly found that Klepal’s consent to the issuance of a continuing writ of garnishment was expressly limited to just that, the “issuance” of such a writ. See Pearson v. Caterpillar Fin. Servs. Corp., 60 So.3d 1168, 1172 (Fla. 4th DCA 2011) (“The ‘plain meaning of the words in the document’ should be used to ascertain the parties’ intent.” (quoting Allstate Ins. Co. v. Watson, 195 S.W.3d 609, 611 (Tenn.2006))). The Bank, as drafter of the instrument, received that for which it *62 bargained and any ambiguity regarding whether the contract contained a waiver should be construed against the Bank. See Coastal Caisson Drill Co. v. Am. Cas. Co. of Reading, Pa., 523 So.2d 791, 792 (Fla. 2d DCA 1988) (noting that “any ambiguity in a contract should be construed against the drafter”).[5]
The majority concludes that this interpretation of the garnishment provision permitting a continuing writ of garnishment is a futile exercise because once it is issued, it is unenforceable because the balance of the garnishment provision is ineffective as a waiver of the exemption. This analysis assumes that every person who signs the provision is a head-of-family. Section 222.11(1)(c) defines head-of-family as any person who provides for more than one-half of the support for a child or other dependent. Therefore, the exemption only comes into play when a party is the head-of-family. Further, even if a party is a head-of-family when the contract is signed, they may no longer qualify as such when the writ of garnishment is issued. As such, the trial court’s interpretation of the contract, permitting the issuance of a continuing writ of garnishment, is not a futile exercise in every circumstance.
The majority notes that courts must determine the intention of the parties by examining the entire contract, not separate phrases or paragraphs, and states that the “garnishment paragraph provides for substantially more than the mere issuance of a writ of garnishment.” However, as previously noted, the garnishment “paragraph” in the contract consists of merely one sentence. The majority concludes that the reference to section 222.11 in the garnishment sentence authorizes a waiver of the head-of-family exemption. I do not agree, as the sentence only notes that Klepal’s consent to the issuance of the writ of garnishment is “in accordance with Section 222.11.” Therefore, viewing the garnishment sentence in its entirety, it merely provides that the parties intend that the issuance of such writ would be in accordance with section 222.11, which provides that the wages of a head-of-family in excess of $500 a week may not be garnished unless such right is waived in writing. See Lee v. Montgomery, 624 So.2d 850, 851 (Fla. 1st DCA 1993) (“As a general rule, in the absence of some ambiguity, the intent of the parties to a written contract must be ascertained from the words used in the contract, without resort to extrinsic evidence.”). The garnishment sentence in the contract merely references the statute addressing the rights accorded to a head-of-family, it does not purport to waive any rights contained therein.
Because the garnishment sentence does not mention the head-of-family exemption to the garnishment of wages, much less inform Klepal that he may have the right to claim the exemption and that by signing the contract he is giving up that right, I believe that the trial court did not err in finding that Klepal did not waive his statutory right to claim this exemption. See Bakst, Cloyd & Bakst, P.A. v. Cole, 750 So.2d 676, 677 (Fla. 4th DCA 1999) (holding that language in the contract was insufficient to prove a knowing waiver of party’s right to homestead exemption where nothing in the contract even hints that the party was waiving this right).

. In contrast, the contract does contain a provision evidencing the parties' intent to waive a known right, as it includes the following provision waiving the parties’ right to a jury trial: "JURY WAIVER. Lender and I hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or me against the other.”